**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARIA MARTHA ORNELAS LAZO,**

    Petitioner,

vs.                                  Case No.: 4:13cv430-RH/CAS

**JOHN V. FLOURNOY, WARDEN,
FCI TALLAHASSEE**

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITON**

On July 29, 2013, Petitioner Maria Martha Ornelas Lazo, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner, an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, challenges the sentence imposed by the U.S. District Court for the Southern District of Florida, following a guilty plea.  Doc. 1; *see* Docs. 4, 9, 10.  On December 11, 2013, Respondent filed a response, with an exhibit, asking this Court to dismiss the petition.  Doc. 10.  Petitioner has not filed a reply, although given a chance to do so.  *See* Doc. 6.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B).  The pleadings and attachments before the Court show that the petitioner failed to exhaust her administrative remedies and the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

According to Petitioner, on July 17, 2012, she received a 21-month federal sentence for conspiracy to transport and sell stolen property, in case number 113c1:12CR0559, in the United States District Court for the Southern District of Florida.  Doc. 4 at 2 and Doc. 1 at 2.  In her § 2241 petition, she requests "credit for time served and release her to immigration."  Doc. 1 at 6.

On August 28, 2013, the Petitioner filed a motion seeking a reduction of her sentence in the Northern District of Florida.  Doc. 9.  On December 3, 2013, the Court denied this motion explaining the § 2241 petition was pending, a judge in the Northern District cannot reduce the sentence, and Petitioner had not "alleged circumstances that are extraordinary and compelling."  *Id.*

In the meantime, on September 4, 2013, the Petitioner filed a request for an administrative remedy with the Regional Director.  Doc. 10 Ex. 1.  The Petitioner's request was denied because she had not first filed a request with the Warden at her institution.  *Id.*

## Analysis

Respondent argues this § 2241 petition should be dismissed because Petitioner has not exhausted her administrative remedies.  Doc. 10 at 1.  "[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."  Skinner v. Wiley, 355 F. 3d 1293, 1295 (2004).  To exhaust all of the administrative requirements related to an issue of confinement, a prisoner must follow the Administrative Remedies process pursuant to 28 C.F.R. § 542.15:

> The BOP has established regulations governing formal review of prisoner complaints relating to any aspect of imprisonment. 28 C.F.R. § 542.10-.19. Prisoners generally must first present an issue to institution staff, and attempt to resolve it informally. *Id.* at § 542.13. If an issue cannot be resolved informally, a prisoner must submit a formal written Administrative Remedy Request, using a BP-9 form, to a designated institution staff member. *Id.* at 542.14(a), (c)(4). If a prisoner is not satisfied with the warden's response to his BP-9, he may appeal to the BOP regional director, using a BP-10 form, and if he is not satisfied with the regional director's response, may appeal to the BOP general counsel, using a BP-11 form. *Id.* at 542.15(a). An appeal to the general counsel is the final administrative appeal. *Id.* A BP-9 form "is considered filed on the date it is logged into the Administrative Remedy Index as received." *Id.* at § 542.18. The warden must respond to a BP-9 within 20 calendar days, and if a prisoner does not receive a response within that time period, he "may consider the absence of a response to be a denial." *Id.* Only after a prisoner exhausts these administrative remedies may he file for habeas relief in district court. United States v. Herrera, 931 F. 2d 761, 764 (11th Cir.1991).

Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010); *see* Doc. 10 Ex. 1 (Decl. of Joksan Morgan).

In this case, Petitioner did not exhaust her administrative remedies pursuant to 28 C.F.R. § 542.15.  According to the Declaration of Joksan Morgan, a legal assistant for the Federal Bureau of Prisons, the only administrative action filed by the Petitioner was an administrative appeal at the regional level on September 4, 2013.  Doc. 10 Ex. 1 at 2.  This appeal was denied for failure to file at an institutional level first.  *Id*.  Because

petitioner has not exhausted her administrative remedies, this Court lacks jurisdiction. U.S. v. Lucas, 898 F. 2d 1554, 1556 (11th Cir. 1990).

## Conclusion

In summary, Petitioner has not exhausted her administrative remedies. Therefore, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2014.


      s/ Charles A. Stampelos
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv430-RH/CAS